HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
SIMON ABIEANGA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00030 ADA-BAM-2 |
| Plaintiff, | **STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |
| SIMON ABIEANGA, | |
| Defendant. | Judge:  Unassigned |

Defendant, SIMON ABIEANGA, by and through his attorney, Assistant Federal

Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its

counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.      Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of

imprisonment in the case of a defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission

pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG

§ 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are

applicable;

2.      The United States Sentencing Commission recently amended the Sentencing

Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision").  *See*

Amendment 821, Part B, Subpart 1.  The zero-point provision provides a 2-offense-level

reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a).  The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3.     On March 20, 2023, this Court sentenced Mr. Abieanga to a term of 41 months;

4.     Mr. Abieanga's total offense level was 20, his criminal history category was I (based on him having zero criminal history points), and the resulting guideline range was 33 to 41 months;

5.     The sentencing range applicable to Mr. Abieanga was subsequently lowered by the zero-point provision;

6.     Mr. Abieanga is eligible for a reduction in sentence, which reduces his total offense level by 2 from 20 to 18, and his amended advisory guideline range is reduced to 27 to 33 months;

7.     Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Abieanga's term of imprisonment to 33 months for Count 1 of the superseding indictment, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 33 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

8.     United States' statement regarding its stipulation[2]:  Defendant was convicted of one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349.  The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"); government's objections to the PSR and sentencing memorandum, ECF No. 85; defendant's sentencing memorandum, ECF No. 87; Statement of Reasons ("SOR"); Judgment, ECF No. 101; the factual basis to the plea agreement, ECF No. 61 at 12; defendant's Bureau of Prisons ("BOP") disciplinary history, and after consultation with one of the prosecuting Assistant United States Attorneys and sending notices of the defendant's request for a sentence reduction to the

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.
[2] This statement is provided by the United States and is not part of the parties' stipulation.

1  individual victims.  To date, the government has not received any responses or statements from

2  the victims.

3        According to the factual basis attached to the plea agreement, this conviction stems from

4  a scheme to defraud the California Employment Development Center ("EDD") and other

5  individual victims, by submitting false claims for benefits.  ECF No. 61 at 12.  The benefits were

6  placed on debit cards that were sent to addresses provided in the false claims.  After fraudulently

7  obtaining the funds, defendant used the monies for his own benefit and the benefit of others who

8  were not entitled to the funds.  The defendant's conduct caused actual losses of over $105,000 to

9  California EDD and other victims.  In addition, defendant and his co-conspirators also created

10  numerous online advertisements for the sale of non-existent cats, dogs, horses, automobiles, and

11  recreational vehicles.  Individuals who attempted to purchase these fake goods were instructed to

12  wire funds to defendant and his co-conspirators.  Defendant's conduct caused an intended loss to

13  victims exceeding $550,001.  ECF No. 61 at 12.

14        At sentencing both parties recommended a sentence at the high end of the guideline range

15  as calculated in the plea agreement.  ECF No. 85, 87.  The Court followed the parties'

16  recommendation and imposed a sentence of 41 months in prison.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

BOP records indicate that as of February 28, 2024, the defendant has no reported sustained incidents during his time in BOP custody.  Defendant is currently located at Lompoc USP with a projected release date of September 29, 2024.  *See* Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc/ (last visited Feb. 27, 2024).


Respectfully submitted,


Dated:  February 28, 2024

PHILLIP A. TALBERT
United States Attorney


*/s/ Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:   February 28, 2024

HEATHER E. WILLIAMS
Federal Defender


*/s/ Peggy Sasso*
PEGGY SASSO
Assistant Federal Defender

Attorneys for Defendant
SIMON ABIEANGA

1

**ORDER**

2        This matter came before the Court on the stipulated motion of the parties for reduction of

3    sentence pursuant to 18 U.S.C. § 3582(c)(2).

4        The parties agree, and the Court finds, that Mr. Abieanga is entitled to the benefit of

5    Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total

6    offense level from 20 to 18, resulting in an amended guideline range of 27 to 33 months.

7        IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of

8    imprisonment imposed in 2023 is reduced to a term of 33 months for Count 1 of the superseding

9    indictment, effective 10 days from the date of the amended judgment.  If the amount of time

10   served as of the effective date of the Court's Order exceeds 33 months, the sentence is instead

11   reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

12       IT IS FURTHER ORDERED that all the terms and provisions of the original judgment

13   remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above

14   reduction in sentence and shall serve certified copies of the amended judgment on the United

15   States Bureau of Prisons and the United States Probation Office.

16       Unless otherwise ordered, Mr. Abieanga shall report to the United States Probation

17   Office within seventy-two hours after his release.

18   DATED:  March 8, 2024.

19

20   _____

21   CHIEF UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28